## Nimick, McClosky & Co. v. The Louisiana Tehuantepec Company.

Vessels and steamboats employed in navigation in and out of the waters of the State, are, like other
property, subject to the law of attachment for debts not yet due.

APPEAL from the Sixth District Court of New Orleans, *Howell,* J.
*Clarke & Bayne,* for plaintiff.   *Hunton & Miller,* for defendant and
appellant.

Duffel, J.   The present contest is between two subsequent attaching
creditors, the Merchants' Bank of New Orleans and the Louisiana State
Bank, and the case presents a single question of law for our determina-
tion, and that is whether a vessel employed in navigation, in and out of
the waters of the State, is liable to an attachment while the debt is not
yet due.

The articles 242, 243 and 244 of the Code of Practice, as amended by
the Act of 1826, p. 170, sec. 7, authorize, in general terms, the issuing of
the writ, whether the obligation be due or not.

It is however contended, that vessels and steamboats, which, from their
nature and destination, must necessarily be taken out of the State, can
not, by a sound construction of the law on the subject, fall within the
general rule, and that they are impliedly exempted from attachment, as
long as the debt is not demandable; and we are referred to the cases of
*Russel et al.* v. *Wilson,* 18 La. 370, and *W. H. Hogan* v. *G. W. Carras,* 12
An. 49.

The plaintiffs and defendants in those suits were all non-residents and
stood in the relation of vendors and vendees of the steamboats attached
to satisfy the unmatured obligations which had been given in part pay-
ment of the price; and as the contracts had for their immediate object
vessels whose destination, in and out of any particular State, varies ac-
cording to circumstances, it was rightly held, that the parties must have
been aware, when contracting, that those steamboats would, in all like-
lihood, run through different States, hence the exception.

It is true that the argumental part of those decisions takes a wider
range; and we are now asked to adopt the same, in its most enlarged
sense, by absolutely decreeing that a vessel can, in no case, be attached
for a debt not yet due.

Were we to so declare, all exporting raw materials and goods generally,
would likewise, by a parity of reason, be exempted; for example, cotton
shipped by a Mississippi planter to New Orleans for sale, and Louisiana
sugar in transit for a Western market, could not be reached by such a
process; for it is well known by all creditors that cotton is seldom sold in
the gin-house, and sugar on the cistern.

We understand the exception to be, that all contracts made with the   NIMICK
owners and employees of vessels, knowing them to be such, and for debts   Tehcantepec Co.
chargeable to such vessels, cannot be enforced by the process of attach-
ment before the maturity of the obligation.

The case at bar does not fall within the exception; for it is not in evi-
dence that the attaching creditors, the Merchants' Bank of New Orleans,
contracted with the acceptors of the bills of exchange sued on, and de-
fendants herein, Hargous Bros,, a commercial firm in the city of New
York, in their character of owners of the property attached, the steam-
ship Coatzacoalcos.    We will here add, as a further reason, that the Mer-
chants' Bank were, in some measure, forced to adopt this mode of pro-
ceeding for their own protection, as other creditors had already seques-
tered and attached the steamship for debts contracted by the Louisiana
Tehuantepec Company, who were the apparent owners of the vessel.

The District Judge maintained the attachment, and ordered the Mer-
chants' Bank to be paid by preference over the opposing and subsequent
attaching creditors, the Louisiana State Bank, out of the proceeds of the
sale of the attached property.

Judgment affirmed, with costs.